WALSH *v.* MANERS.

Opinion delivered December 8, 1930.

*W. A. Leach,* for appellant.
*M. F. Elms,* for appellee.

McHANEY, J. This case has been before this court heretofore, *Maners* v. *Walsh*, 180 Ark. 355, 22 S. W. (2d) 14. It was there reversed with directions to transfer to equity. On a retrial, in the chancery court, the court found for appellant in the sum of $250 damages and $67.50 paid by her to appellee on the contract, which latter amount had been tendered into court at the beginning of the action, with interest, which amount was reduced by the costs incurred in the former trial and appeal, and entered a decree accordingly, from which judgment there is an appeal and cross-appeal.

We deem it unnecessary to set out the contract which forms the basis of this action, as it was copied in full in the opinion on the former appeal. We have carefully considered this contract and the evidence supporting the respective contentions of the parties and have reached the conclusion that, by the great preponderance of the evidence, appellee signed the contract, not as a grantor, for it is undisputed that he was not the owner, but only for the purpose of enabling the owner, Williams, and appellant, to enter into a contract of sale and purchase of the property. A suit was pending in the chancery court for the foreclosure of appellee's first lien against the property, which had proceeded to a decree in his favor for $2,018.01 and for a sale of the property to satisfy this judgment. The contract so specifies as follows: "Said decree being for the principal sum of $2,018.01, in favor of the said W. H. Maners with costs thereon and interest thereon at the rate of ten per cent. per annum from the rendition of said decree. After the amount herein mentioned due the said W. H. Maners is fully paid, then the balance of the consideration hereinbefore expressed shall be paid by the said party of the second part (appellant) unto Ida R. Williams." Both appellant and Williams knew that the extent of appellee's interest in the property was the amount of his mortgage judgment, and that all he was to realize from the sale from Williams to appellant was this amount and no more. Instead of having the property sold under the de-

cree to satisfy his judgment, he simply agreed, as a matter of grace, to accept payment of his indebtedness from appellant at the rate of $67.50 per month. There can be no doubt that all parties understood this, and that he executed the contract to enable Williams and appellant to make the trade, thereby agreeing to accept payments on the monthly plan, but that his claim should first be satisfied. The property was at all times to stand security for the debt, and his relation of mortgagee continued with appellant substituted as mortgagor instead of Williams. :

As said by this court on the former appeal: "Equity looks beyond the mere form in which the transaction is clothed and shapes its relief in such way as to carry out the true intent of the parties to the agreement, and to this end all the facts and circumstances of the transaction, the conduct of the parties thereto, and their relations to one another and to the subject-matter, are subjects for consideration." When we have done this, the conclusion is irresistible that appellee, for the accommodation of others, simply agreed that the security he held for the indebtedness in one form might continue to be security in another form.

Under this view of the matter, there was no obligation upon appellee to bid the property in at the foreclosure sale. That duty rested upon Williams, the real owner, and the record shows that appellant secured a judgment against Williams for her damages. There was, therefore, no liability on appellee either for improvements made by appellant while in possession or for damages as for breach, as he was not an obligor in the contract. The decree on appeal will be modified and affirmed for $67.50, the payment made to appellee under the contract, with costs to the date of tender by appellee of said sum and interest. On the cross-appeal the decree is reversed and remanded with directions to dismiss the complaint for want of equity, with costs to appellee.

It is so ordered.